16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 F.E. WILLIAMSON, Plaintiff-Appellant,
Jackson-Madison County General Hospital District; et al., Plaintiffs,
v.
H.R. WHITE; Manuel Martins; and Joe B. Huddleston,
Defendants-Appellees.
 No. 93-6017.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, F.E. Williamson, III, M.D., appeals the district court's denial of his request for a preliminary injunction which would have enjoined the State of Tennessee from collecting the state's services tax. Essentially, plaintiff contended that the tax did not comply with federal Medicaid requirements and was void. Among the targets of the tax were health services provided by hospitals, and physicians' services for which a hospital billed. Since plaintiff's services were billed through a hospital, they were subjected indirectly to the tax. Enacted by the state legislature in 1992, the tax expired on December 31, 1993, according to the parties at oral argument.
 
 
 2
 We emphasize that the only issue before us on appeal is the propriety of the district court's denial of the preliminary injunction.
 
 
 3
 Consideration of a motion for a preliminary injunction does not implicate a final determination of the merits of a lawsuit; instead, an essential concern is preserving the existing state of affairs until the rights of the parties can be fully investigated and fairly determined. Blount v. Societe Anonyme Du Filtre Chamberland Systeme Pasteur, 53 F. 98, 101 (6th Cir.1892). This concern involves the court in weighing the necessity of preserving its power to ultimately and effectively decide the case against the risk that harmful consequences will attend the imposition of preliminary injunctive relief. See 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Sec. 2947 (1973).
 
 
 4
 The traditional standards to which a district court's attention is directed, when considering a motion seeking a preliminary injunction, require "the plaintiff to show that in the absence of its issuance he will suffer irreparable injury and also that he is likely to prevail on the merits. It is recognized, however, that a district court must weigh carefully the interests on both sides." Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975). The formulation we have employed to assist in the weighing of the interests on both sides requires the consideration of four factors: (1) whether there is a strong or substantial likelihood of the plaintiff's success on the merits; (2) whether an injunction will save the plaintiff from irreparable injury; (3) whether an injunction will harm others, including the defendant; and (4) the impact the court's ruling will have upon the public interest. See, e.g., International Longshoremen's Ass'n v. Norfolk Southern Corp., 927 F.2d 900, 903 (6th Cir.), cert. denied, 112 S.Ct. 63 (1991). These factors are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. In re Eagle-Pitcher Indus., Inc., 963 F.2d 855, 859 (6th Cir.1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 432, 441 (1974).
 
 
 5
 Our review of a district court's decision on a motion for a preliminary injunction is limited to a determination of whether the district court abused its discretion. International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992).
 
 
 6
 That the district court fully understood the methodology to be utilized in making its decision, is apparent from its Memorandum Opinion of July 1, 1993:
 
 
 7
 In summary, the Court must consider all four factors necessary for injunctive relief under Rule 65. See Int'l Longshoremen's Ass'n v. Norfolk So. Corp., 927 F.2d 900, 903 (6th Cir.1991). Upon consideration of all factors, the Court, in its discretion, must determine whether such extraordinary equitable relief is warranted. See 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2948 (1973). In this connection, the Court must weigh the evidence and equities of the parties as to each factor and determine which of the relevant factors have the most significance in the context of the existing controversy and the position of the parties. It is in this context that the Plaintiff must bear the burden of proof of demonstrating that he is entitled to the injunctive relief requested. In the Court's opinion, the plaintiff has failed to do so.
 
 
 8
 In the course of two opinions, the district court meticulously considered the four factors. In view of the attention it devoted to parsing the arguments of the parties directed to the merits of plaintiff's lawsuit, the court obviously accorded considerable importance to the first factor. However, after reviewing the materials submitted by the parties, the court decided that "both parties have asserted equally persuasive legal arguments in support of their positions," and that "[a]ccordingly, Williamson has failed to carry his burden of proving that there is a substantial likelihood that he will succeed on the merits."
 
 
 9
 The district court also concluded that plaintiff had not demonstrated that he would suffer irreparable injury unless the injunction issued, since the court understood that plaintiff could avail himself of a state remedy to recoup his loss should he ultimately prevail on the merits. Furthermore, the court noted that plaintiff could remove himself from harm's way by billing for his services himself. Although plaintiff points out that the state remedy suggested by the district court may not prove effective in every event, the existence of the remedy does limit the persuasiveness of his assertion that he surely will suffer irreparable injury in the absence of the issuance of the injunction. The district court was not obliged to determine that this factor clearly weighed in plaintiff's favor.
 
 
 10
 Finally, the district court concluded that the remaining two factors weighed heavily in favor of denying the preliminary injunction, since an injunction
 
 
 11
 would be contrary to the public interest, and would serve to injure others not parties to the action.... [T]o issue an injunction prohibiting the Commissioner from collecting the Services Tax would, in essence, be to shut down the Tennessee Medicaid system, leaving its neediest citizens without access to even the most minimal health care services.
 
 
 12
 As for plaintiff's alternative suggestion that the court enjoin only the collection of his portion of the tax, the court determined that this
 
 
 13
 request ignores the inevitable reality of such a scenario. In the Court's opinion, such a decision would likely have a wide-spread and highly adverse impact upon Tennessee's Medicaid system. Therefore, the decision cannot be considered in a vacuum, but must be considered in the context of the current controversy surrounding the validity of the Services Tax. Although the State's multi-million dollar Medicaid taxing system would not shut down if it is enjoined from collecting Dr. Williamson's portion of the hospital's monthly tax payment, it is predictable that other similarly situated hospitals and doctors would seek to join this lawsuit and take advantage of this same remedy....
 
 
 14
 The results ... are the same. Predictably, others similarly situated would seek relief. Under either scenario, the State would be precluded from utilizing tax revenue which it requires to maintain its presently overburdened Medicaid system. For these reasons, this Court finds ... that to grant either form of injunctive relief would be wholly contrary to the public interest, and would result in substantial actual or potential harm to the state of Tennessee as well as its citizens. [Footnote omitted.]
 
 
 15
 The district court conscientiously and carefully pursued the methodology called for by our case law, as a predicate to the exercise of its discretion. In balancing the factors, it concluded that the state was as likely to succeed on the merits as plaintiff, observed that it was not clear that he could avoid irreparable injury only if an injunction issued, and assigned great weight to the last two factors since it was apparent to the court that an injunction would harm both the state and its citizens, and would not serve the public interest.
 
 
 16
 Having had the benefit of oral argument, and having carefully reviewed the record on appeal and considered the briefs of the parties, we are unable to say that the trial court abused its discretion in the manner in which it assessed the factors or in assigning weight to them in arriving at its conclusion that the extraordinary relief sought was not warranted under the circumstances with which it was then confronted.
 
 
 17
 The order denying the preliminary injunction is affirmed and this cause is remanded to the district court for further proceedings.